George H. Henrietta and Donna R. Henrietta (Husband and Wife) v. Commissioner.
George H. Henrietta v. Commissioner
Docket No. 18196.
United States Tax Court
1949 Tax Ct. Memo LEXIS 137; 8 T.C.M. (CCH) 605; T.C.M. (RIA) 49156; June 27, 1949
George H. Henrietta, pro se. Melvin L. Sears, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $9,654.23 in the petitioners' income tax for the year 1944. The issue for decision is whether income for 1944 is to be offset by several items. Findings of Fact The petitioners are husband and wife. They filed a joint return for 1944 with the collector of internal revenue for the district of Connecticut. The husband will be referred to hereafter as the petitioner. He was unemployed and filed no income tax returns for the years 1930 through 1934. He worked during that period developing inventions. He entered into an agreement with Veeder-Root Incorporated on July 31, 1936 in regard to the manufacture and sale by the latter of registering *138 mechanisms developed by the petitioner. He received some money from Veeder-Root as royalties prior to 1944. He sued Veeder-Root for a large amount of royalties and received $27,500 on March 22, 1944 in settlement of the suit. His attorneys deducted a fee of $6,000 and turned over to the petitioner $21,500. The above income was reported on the joint return for 1944 and the deduction of $6,000 was allowed by the Commissioner in determining the deficiency. The Commissioner, in determining the deficiency, disallowed the following: (A) Value of personal services
$17,025.00
(B) Interest expense
769.34
(C) Material and labor
778.59
(D) Legal expense
2,181.49
(E) Medical expense
61.00 None of the items disallowed was paid in 1944. (A) is the accumulation of income tax credits and exemptions for the years 1930 through 1934. (B) was interest paid in a prior year or years on money borrowed and used by the petitioner for living expenses and other purposes. (C) is not adequately explained in the record. (D) was paid in a prior year as a legal retainer but is not further explained. (E) is not explained. The record does not show that the petitioner paid any other items, *139 not mentioned above, in 1944 which would be deductible from his income for that year. The Commissioner did not err in determining the deficiency. Opinion MURDOCK, Judge: The petitioner appeared in his own behalf but, despite the efforts of counsel for the respondent and the Court to aid him, he did not succeed in introducing any evidence which would show that the Commissioner erred in any respect in determining the deficiency. His theory seems to be that the $27,500 which he recovered from Veeder-Root in 1944 was due to his efforts during the years 1930 through 1934 and he should be allowed to offset against that income the credits and exemptions to which he would have been entitled for the years 1930 through 1934 as a married man and later as the head of a family with one dependent, which items did him no good in those years because he filed no returns, and also, he should be allowed to offset against the 1944 income the other items which he expended in the earlier years and which he thinks were necessary to enable him to live and eventually collect the $27,500. He does not bring himself within section 107 and does not claim that that section applies. No good purpose would be *140 served by discussing the petitioner's contentions here. Suffice to say that this record does not justify any change in the determination of the Commissioner. Decision will be entered for the respondent.